# CASES

IN THE

# SUPREME JUDICIAL COURT

OF THE

## STATE OF MAINE

WILLIAM E. DILL ET AL., ADMINISTRATORS

*vs.*

ANDROSCOGGIN & KENNEBEC RAILWAY COMPANY.

Kennebec.   Opinion December 10, 1926.

*The rule that a motorman of a trolley car when approaching highway junctions is required to exercise due care and vigilance, according to the exigencies of the situation, to have his car under such control, in anticipation of the crossing of teams, that it may be stopped to prevent collision, is applicable to situations where a railroad track crosses a street which it traverses.*

*But to this rule there is an important qualification.   The motorman is not bound to stop whenever he sees an approaching motor car.   He has duties to his own passengers who are entitled to reasonably speedy transportation.*

*The negligence of the automobile driver, in an action resulting from a collision between an automobile and a trolley car, is not imputable to a person who is riding with such driver as a mere passenger.   In so far however as such negligence may have affected and qualified the duty of the defendant's servant it is a matter for the jury's consideration.*

On exceptions and general motion.   An action brought by William E. Dill and Villa M. Dill, as administrators of the estate of Frederick A. Dill, their minor son, for damages sustained by them by reason of the death of their said son alleged to have been caused by the negligence of the defendant corporation in the operation of one of its passenger cars.   A collision between one of defendant's cars and an automobile in which plaintiff's intestate was riding as a passenger, oc-

curred in Farmingdale, October 3, 1923, resulting in the death of the minor son.

During the trial defendant excepted to the admission of certain evidence, and also excepted to a refusal to direct a verdict for defendant, and to certain parts of the charge. A verdict of $1,891.75 was rendered for plaintiff and defendant filed a general motion for a new trial.

Exceptions sustained.

The case is fully stated in the opinion.

*Benedict F. Maher and E. L. Goodspeed,* for plaintiff.

*Andrews, Nelson & Gardner,* for defendant.

SITTING: WILSON, C. J., PHILBROOK, DEASY, STURGIS, BASSETT, JJ.

DEASY, J: This case grows out of a collision between an automobile and a trolley car. The scene of the accident is a point in Farmingdale where the defendant's car track crosses the highway from the east to the west side. The time was October 3rd, 1923, at about eleven o'clock P. M. The plaintiff's intestate was Frederick A. Dill, then about nineteen years old, who was riding as a guest with his friend, Ashley Welsh, driver of the automobile. The automobile was being driven southerly toward Gardiner. The trolley car was proceeding northerly toward Hallowell. As a result of the collision young Dill sustained fatal injuries. The plaintiffs recovered a verdict. The case comes forward on motion and exceptions.

In *Denis* v. *Street Railway Co.,* 104 Maine, 39, upon authority of other cases cited therein, it is held that the motorman of a car when approaching these junctions is required to exercise due care and vigilance, according to the exigencies of the situation, to have his car under such control, in anticipation of the crossing of teams, that it may be stopped at the junction in season to prevent a collision with teams that may suddenly turn to drive over the track.

The rule as thus stated applies to highway junction points. With as great reason it is applicable to situations where a railroad track crosses a street which it traverses, especially where it crosses from the right to the left side.

But the defendant is not in the declaration charged with violation of this rule. Neither in the writ is it alleged nor in the briefs of counsel argued that the motorman failed to have his car under proper control.

But there is another rule, perhaps a corollary of the above quoted, necessary to give it effect, and yet distinct from it. Having his car so under control the motorman is required at all times to exercise due care and vigilance to avoid collisions, especially at crossings, and he must before making a crossing stop if necessary to avoid a collision with an approaching automobile or other vehicle, which is itself lawfully controlled. His duty is analagous to that of the driver of a motor car who crosses a street from right to left to enter a connecting road or driveway. It is this rule the violation of which is reiterated in the declaration and emphasized in the brief of the plaintiffs' learned counsel.

We may fairly assume that the jury found the defendant's servant negligent in failing to observe the duty thus enjoined. But to this rule there is an important qualification. The motorman is not bound to stop whenever he sees an approaching motor car. He has duties to his own passengers who are entitled to reasonably speedy transportation. He may assume, at all events, until the contrary appears, that approaching automobiles will be driven carefully. He is not bound to anticipate negligence on the part of their drivers. *Fernald* v. *French*, 121 Maine, 10; *Shaw* v. *Bolton*, 122 Maine, 235; *Gordon* v. *Street Railway Co.*, (Mo.) 134 S. W., 26; *Morton* v. *Smith Hoisting Co.*, 151 N. Y. S., 1087. This qualification is important in view of one of the defendant's exceptions which is decisive of the case.

The Presiding Justice instructed the jury that "it makes not a particle of difference in this case whether Welsh was negligent or whether he was not," and again, "negligence or want of care of the driver is not to be considered," and still again, "You may disregard entirely the negligence or want of negligence on the part of the driver of the car." At the close of the charge one of the possible implications of such instructions was properly negatived thus: "If the accident was caused entirely by the negligence of Welsh the plaintiffs cannot recover." Thereupon the defendant's counsel said: "I ask an exception to that part of the charge which states that the evidence concerning the negligence of the driver of the car, Welsh, is not to be considered, on the ground that the law is that such evi-

dence may be considered, not upon any theory of imputation of negligence, but to show that the defendant was not required to anticipate such carelessness, and would therefore be excused from the charge of negligence if the servant was otherwise operating the car in a prudent manner."

The motorman did not stop his car before crossing. The jury may have found and probably did find such failure to be negligent. Casey, the motorman, testified: "About half way across I saw this light coming through the fog. * * * I did'nt have no idea he was coming that rate of speed, and I worked slow to my switch."

Was the automobile coming at an excessive and negligent rate of speed, or was it otherwise improperly and carelessly controlled? If so, Casey was not bound to anticipate such negligence. The defendant was fairly entitled to an instruction to this effect.

The plaintiffs may recover, notwithstanding the contributory negligence of Welsh, the automobile driver. In so far, however, as it may have affected and qualified the duty of the defendant's servant, the negligence of Welsh was a matter for the jury's consideration.

The other exceptions disclose no error that we perceive. It is unnecessary to consider the motion.

*Exceptions sustained.*